IN THE UNITED STATES DISTRICT COURT
DISTRICT OF WESTERN PENNSYLVANIA: ERIE DIVISION
---------------------------------------------------------------------x

CAMERON AULNER,                                                Case No.

                Plaintiff,

        -against-                                    **COMPLAINT**

EDINBORO UNIVERSITY OF
PENNSYLVANIA,
JEREMY BROWN, in his personal capacity,
WILLIAM CHANDLER, in his personal capacity,
JANET DEAN, in her personal capacity, and
VALERIE HAYES, in her personal capacity,

                Defendants.

---------------------------------------------------------------------x

    The Plaintiff, Cameron Aulner (hereinafter "Plaintiff" or "Aulner"), by and through his attorneys, the Law Offices of Joshua Friedman, complains as follows:

## NATURE OF THE CLAIMS

1. This is a teacher-on-student sexual harassment case brought pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 ("Title IX"), 42 U.S.C. § 1983 ("Section 1983") and Pennsylvania common law.

## JURISDICTION AND PARTIES

2. At all relevant times herein, Plaintiff was an undergraduate student at the Edinboro University of Pennsylvania, who earned his degree in Communications in August 2009.

3. Defendant Edinboro University of Pennsylvania (hereinafter "Edinboro" or "University") is an institution of higher learning located in Edinboro, Pennsylvania, which is located within the Western District.

4. Edinboro is part of the Pennsylvania State System of Higher Education, which, *inter alia*, seeks and disperses federal funds to the fourteen institutions of higher education that comprise that organization. As such, Edinboro is an "education program or activity receiving Federal financial assistance" within the meaning of Title IX.

5. Defendant Dr. Jeremy Brown ("Brown") has served at all relevant times herein as the President of Edinboro.

6. Defendant William Chandler ("Dr. Chandler") was at all relevant times herein a professor in Edinboro's Communications and Media Studies Department.

7. Defendant Janet Dean ("Dean") was at all relevant times herein Edinboro's Associate Vice President of Human Resources.

8. Defendant Valerie Hayes ("Hayes") was at all relevant times herein Edinboro's Director of Social Equity and University Ombudsperson.

9. Federal jurisdiction is present based on Title IX pursuant to 28 U.S.C. § 1343.

10. Venue is proper in this district pursuant to the general venue statute, 28 U.S.C. §1391.

**PERTINENT FACTS**

11. Aulner matriculated as a student at Edinboro in or about the fall of 2005.

12. As a result of an injury sustained prior to his tenure at Edinboro, Plaintiff is wheelchair-bound.

13. In or about the fall semester of the 2006-2007 academic year, Aulner enrolled in a class entitled Mass Communications and Modern Society. Dr. William Chandler, a tenured professor in Defendant's Communications and Media Studies Department, taught the class.

14. Throughout the semester in the class, Aulner observed and was subjected to inappropriate behavior by Dr. Chandler.

15. By way of example, and not of limitation, Dr. Chandler's misconduct in the Mass Communications class included the following:

   a. Passing copies of Playboy and other pornographic magazines around class, which Dr. Chandler rationalized by claiming that pornography is a means of communication;

   b. Asking students if they used pornography;

   c. Making off color jokes such as claiming to have seen certain students at the massage parlor in town;

   d. Using an inordinate amount of class time to socialize with male students who were also members of the football team, such as by asking those students about their drinking habits and making statements laden with innuendo that suggested those students engaged in homosexual acts with one another.

16. Dr. Chandler also focused a great deal of unwanted attention on Plaintiff during the Mass Communications class.

17. By way of example, but not of limitation, the inappropriate conduct Dr. Chandler directed at Aulner at that time manifested itself as follows:

   a. Dr. Chandler constantly referred to the movie "Brokeback Mountain," a film about two cowboys who have a homosexual relationship;

   b. Dr. Chandler referred to Plaintiff and his classmate, Josh Coon ("Coon") as "Brokeback buddies" or "hunting buddies" and asked them, "Why don't you have a Brokeback moment with your hunting buddy?";

   c. Dr. Chandler attempted several times to ask Plaintiff out on date, although Aulner rebuffed those advances.

3

18. Three days before the final exam for Mass Communications was scheduled, Aulner received an anonymous letter in the mail. The letter, which had been typed on a manual type writer, reads:

"OK loudmouth you [sic] shouldshow [sic] yourhunting bud or brokeback bud this picture and maybe you would get you're a. it's a great high school pic of you."

19. Attached to the type written letter was a pornographic image of a naked young man who resembles Plaintiff.

20. The day after he received the anonymous letter, Dr. Chandler asked Plaintiff to go out with him again. Aulner initially agreed because he feared that declining the invitation would affect his grade in Dr. Chandler's class.

21. However, the next day, Plaintiff left a voicemail informing Dr. Chandler that he felt the invitation was inappropriate and he would not go out with him. When Dr. Chandler confronted Plaintiff about canceling their date, Aulner asked him if he sent the type written letter and picture. Dr. Chandler smirked but denied sending Plaintiff the letter.

22. Thereafter, Aulner complained about Dr. Chandler's misconduct to numerous University officials, including the Chair of the Communications and Media Studies Department, Dr. Anthony Peyronel, and the Dean of the School of Liberal Arts, Dr. Terry Smith. Both Drs. Peyronel and Smith informed Plaintiff that they could not help him and he would have to bring his concerns regarding Dr. Chandler to the attention of Edinboro's Administration.

23. As directed, Plaintiff raised his concerns regarding Dr. Chandler with the University's Ombudsperson, Valerie Hayes. Hayes promised Aulner she would look into the situation and do what she could.

24. Although Plaintiff tried to avoid him and the classes he taught, Dr. Chandler continued to harass Aulner. Every time he saw Plaintiff in the hall way or the computer lab, Dr. Chandler would comment on Aulner's good looks and touch him.

25. Aulner requested a second meeting with Hayes to complain about Dr. Chandler's ongoing harassment.

26. In or about January 2008, sometime after that second meeting, Plaintiff received a letter from Hayes regarding her purported investigation of his complaints against Dr. Chandler. Aulner was informed that the University's Administration had concluded there was sufficient evidence to support his allegations regarding Dr. Chandler's misconduct. The letter noted that Edinboro would take steps to correct the situation but did not discuss how it would do so.

27. In the months following Plaintiff's receipt of the letter from Hayes, Dr. Chandler continued to harass Aulner. Although he no longer spoke to Plaintiff, Dr. Chandler stood very close to Aulner when he saw him in the hallway and hovered over him in the computer lab. Aulner found himself alone in the bathroom and elevator with Dr. Chandler several times and began to fear for his safety.

28. Aulner brought Dr. Chandler's ongoing misconduct to the attention of Defendants Brown and Hayes as well other Edinboro administrators.

29. Upon information and belief, Defendant Brown obtained notice of Aulner's complaints from an Edinboro trustee, John Evans ("Evans"), with whom Plaintiff discussed his concerns regarding Dr. Chandler following a class Evans attended as a guest speaker.

30. Despite Defendants' notice of Plaintiff's complaints, Dr. Chandler's inappropriate conduct continued unabated until Aulner graduated in August 2009.

5

31. Edinboro administrators, including but not limited to Defendants Brown, Dean and Hayes, who had authority to institute corrective measures on Defendant's behalf, were aware of numerous complaints raised by students who complained about Dr. Chandler's inappropriate conduct well before Dr. Chandler began to sexually harass Plaintiff in or about 2007.

32. Prior to the University's decision to grant Dr. Chandler tenure, which was made in or about 1999, numerous male and female students raised harassment complaints against him.

33. In 1998, three male students, Matthew Peters ("Peters"), Jason Grants ("Grants") and Sean Pebbles ("Pebbles"), raised sexual harassment complaints against Dr. Chandler. Upon information and belief, Edinboro did not respond in a timely manner to the complaints raised by Peters, Grants and Pebbles.

34. During the same time period, two African-American female students, Kaneca Miles ("Miles") and Andrea James ("James"), claimed that Dr. Chandler took a ruler to lift up their skirts and offered them a can of sweet potatoes that contained an offensive depiction of an African-American on the label. Upon information and belief, the University did not respond to the complaints raised by Miles and James.

35. On information and belief, these complaints were brought to the attention of Defendant Dean in or about 1998. The basis for such belief is that the students' complaints, including details, were included in a retaliation complaint brought by an Edinboro faculty member in 1998.

36. Students who staffed the radio station raised complaints against Dr. Chandler throughout his ten-year tenure as the radio station's advisor ending in or about 2001.

37. What follows is a partial list of the students on the radio station's staff who raised harassment complaints against Dr. Chandler during the 1999 to 2001 time period, shortly before his removal from the radio advisor position: Stacey Shiveley; Cathy Candiotti; Jarred Brown;

6

Douglas Robinson; Rick Kennis; Erin Dean; Christopher Volack; Jill Hayes; and, Torrey L. Quinn. In addition, Cathy Candiotti's parents complained to Edinboro officials about Dr. Chandler's harassment of their daughter during that time period.

38. On information and belief, the complaints of the students arising from Defendant Chandler's duties at the radio station were brought to the attention of Edinboro administrators including Defendant Dean. The basis for such belief is Defendant Chandler's removal from the position of radio station advisor in or about 2001, a position he was specifically hired for and which constituted a significant part of his responsibilities at Edinboro prior to his removal.

39. As a result of Dr. Chandler's long history of sexual harassment and retaliation, which Defendants have knowingly allowed to continue, Aulner has suffered significant injury, which has manifested itself in a number of ways, including but not limited to the following: depression, anxiety, social withdrawal, insomnia, anger, and fear.

## COUNT I

### HOSTILE ENVIROMENT IN VIOLATION OF

### TITLE IX OF THE EDUCATION AMENDMENTS OF 1972

### AGAINST EDINBORO UNIVERSITY OF PENNSYLVANIA

40. Plaintiff hereby alleges and incorporates by reference the preceding paragraphs.

41. Dr. Chandler's sexual harassment of Plaintiff was based on his male sex, was in retaliation for reporting his misconduct, or both.

42. Edinboro has had actual notice of Dr. Chandler's sexual harassment of students and has been deliberately indifferent to complaints about his misconduct.

43. This indifference was the proximate cause of Plaintiff's injuries.

## COUNT II

## RETALIATION IN VIOLATION OF

## TITLE IX OF THE EDUCATION AMENDMENTS OF 1972

## AGAINST EDINBORO UNIVERSITY OF PENNSYLVANIA

44. Plaintiff hereby alleges and incorporates by reference the preceding paragraphs.

45. Dr. Chandler's sexual harassment of Plaintiff was based on his male sex, was in retaliation for reporting his misconduct, or both.

46. Edinboro, and specifically employees with the power to stop it, had actual notice of Dr. Chandler's severe and pervasive sexual harassment and retaliation against Aulner, and has been deliberately indifferent to complaints about his misconduct.

47. This indifference was the proximate cause of Plaintiff's injuries.

## COUNT III

## HOSTILE ENVIROMENT IN VIOLATION OF 42 USC §1983

## AGAINST DEFENDANTS BROWN, CHANDLER, DEAN AND HAYES

48. Plaintiff hereby alleges and incorporates by reference the preceding paragraphs.

49. Defendants Brown, Chandler, Dean and Hayes, acting under color of state law, deprived Plaintiff with reckless and/or callous indifference to his federally protected rights, including but not limited to, rights secured by the Fourteenth Amendment of the United States Constitution as well as rights secured by 20 U.S.C. § 1681 et seq. and in doing so was motivated by evil intent.

50. Specifically, Defendants Brown, Dean and Hayes deprived Plaintiff of the equal protection of the law when Dr. Chandler harassed Plaintiff, of which Defendant had actual notice of and deliberately failed to take effective measures to stop.

8

51. Defendants Brown, Chandler, Dean and Hayes' conduct proximately caused Plaintiff's injuries.

## COUNT IV

### NEGLIGENT RETENTION AND SUPERVISION OF DEFENDANT CHANDLER

### AGAINST EDINBORO UNIVERSITY OF PENNSYLVANIA

52. Plaintiff hereby alleges and incorporates by reference the preceding paragraphs.

53. Edinboro knew, or in the exercise of ordinary care, should have known of the necessity for exercising control over Defendant Chandler, its employee, because it had prior notice of sexual harassment complaints raised by students other than Plaintiff, which would have prevented Defendant Chandler from sexually harassing and retaliating against Plaintiff.

54. Edinboro's tortious conduct proximately caused Plaintiff's injuries.

## COUNT V

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### AGAINST DEFENDANT CHANDLER

55. Plaintiff hereby alleges and incorporates by reference the preceding paragraphs.

56. Defendant Chandler intentionally and/or recklessly inflicted emotional distress on Plaintiff by sexually harassing him and retaliating against Plaintiff after he complained about Defendant Chandler's conduct.

57. Defendant Chandler's conduct was so outrageous in character and so extreme in degree as to go beyond the pale of decency and is regarded as intolerable in a civilized society.

58. Defendant Chandler's tortious conduct proximately caused Plaintiff's injuries.

## COUNT VI

## ASSAULT AND BATTERY

## AGAINST DEFENDANT CHANDLER

59. Plaintiff hereby alleges and incorporates by reference the preceding paragraphs.

60. Defendant Chandler violated Pennsylvania common law by physically assaulting and battering Plaintiff when Defendant Chandler touched Plaintiff.

61. Defendant Chandler's tortious conduct proximately caused Plaintiff's injuries.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

- A. Declare Defendant Edinboro's conduct complained of herein to be in violation of the Plaintiff's rights as secured by 20 U.S.C. § 1681;
- B. Declare the Defendant Brown, Dean and Hayes' conduct complained of herein to be in violation of the Plaintiff's rights as secured by 42 U.S.C. § 1983;
- C. Award Plaintiff compensatory damages to be determined by the jury at the time of trial;
- D. Award Plaintiff punitive damages to be determined by the jury at the time of trial;
- E. Award Plaintiff reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and
- F. Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

Plaintiff requests a jury trial on all issues triable to a jury.

Dated: October 2, 2009

Law Offices of Joshua Friedman

_____
Joshua Friedman
Rebecca Houlding
Daniela Nanau
25 Senate Place
Larchmont, New York 10538

Attorneys for Plaintiff

11